***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications; therefore, the Full Commission AFFIRMS the Decision and Order of the Chief Deputy Commissioner.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff (hereinafter "Bullabough") filed two civil actions against the Defendant (hereinafter "NCDOC") arising from incidents at the Albemarle Correctional Institute (hereinafter "ACI"). Bullabough's Affidavits allege conduct arising from a series of interconnected acts by NCDOC Correctional Officers beginning in August 2000 and ending in September 2000. Bullabough and NCDOC agreed to consolidation of both civil actions for the purpose of trial.
2. On or about August 28, 2000, Bullabough was present in the Tillery Building at ACI. Correctional Officer Walls (hereinafter "Officer Walls") and other NCDOC Correctional Officers searched the living quarters of an inmate, Charles Presnell (hereinafter "Presnell"), based on a belief that the inmate was consuming marijuana. Bullabough contends that during the search Officer Wall assaulted Presnell by pushing him into a wall.
3. Bullabough, with other inmates who were present during the search of Presnell's quarters, wrote the prison Chaplain stating their concerns regarding the assault on Presnell. Bullabough requested the Chaplain's assistance in looking into the incident.
4. Bullabough alleges, in T.A. File No. 16658, that Officer Walls approached him on August 30, 2000. Officer Walls confronted Bullabough for having reported the former to the Chaplain for the incidents related to the search on August 28, 2000 and threatened him. Bullabough contends that Officer Walls deliberately assaulted him by striking his nose and pushing him backward into a desk.
5. In T.A. File No. 17122, Bullabough contends he was sitting on a table on September 10, 2000, when Correctional Officer Roberson (hereinafter "Officer Roberson") instructed him to unseat himself. When Bullabough did not respond within the time deemed appropriate by Officer Roberson, Correctional Officer Currie verbally accosted Bullabough. The verbal confrontation escalated and Sergeant Long approached Bullabough with handcuffs.
6. Sergeant Long allegedly put the handcuffs into Bullabough's face, threatened him, and then handcuffed him. Bullabough contends that Sergeant Long pushed him face first into a door and repeatedly twisted Bullabough's arms while leading him down a hall. At the end of the hallway, Sergeant Long allegedly pushed Bullabough into a door lacerating and bruising his face.
7. Bullabough believes that Sergeant Long verbally and physically assaulted him on September 10, 2000 because of his involvement in reporting Officer Walls' conduct in August 2000. Bullabough specifically testified that Sergeant Long intentionally assaulted him.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
The State Tort Claims Act provides that the State is liable only for the negligent acts or omissions of its employees or agents. N.C. Gen. Stat. §§ 143-291 et seq. The assaults alleged by Bullabough in both civil actions denominated above were, by Bullabough's own testimony, intentional acts. The Industrial Commission does not have jurisdiction over claims arising from intentional acts. N.C. Gen. Stat. §143-291(a); Guthrie v. State Ports Authority, 307 N.C. 522, 299 S.E.2d 618
(1983). Therefore, both of Bullabough's civil actions must be DISMISSED. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claims in both civil actions denominated above are DISMISSED WITH PREJUDICE.
2. No costs are taxed in these civil actions as Bullabough was permitted to file in forma pauperis.
This the ___ day of July 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER